UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | Case No. 2:22-cv-05919-GW-JC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND DIRECTING PLAINTIFF TO RESPOND TO ORDER |

**I.   SUMMARY**

On June 15, 2023, Plaintiff Andrew Valles, who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed the operative First Amended Complaint (alternatively, "FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"), against California Governor Gavin Newsom; California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffrey Macomber; California Correctional Health Care Services ("CCHCS") Receiver J. Clark Kelso; CDCR Director of Adult Institutions, Connie Gipson; Does 1-10; and the following CDCR or CCHCS employees who work, or worked, at the California Institution for Men in Chino, California ("CIM"): Warden John Merchant; Chief Deputy Warden Travis Pennington; Correctional Captains I. Vera,

Brian LeMaster, and Lisa Ramirez; Correctional Lieutenant/Captain M. Chavez-Thomas; Correctional Lieutenant Ybarra; Correctional Sergeants A. Torres, Rodriguez and Matute; Correctional Officers P. Cholokyan and L. Vasquez; and Dr. Daniel Chandler.[1] (Docket No. 28 [FAC]). Newsom, Maccomber, Kelso, Gipson, Merchant, Pennington and Vera are sued in their official capacities only and all other Defendants are sued in both their individual and official capacities. (FAC at 2A).

For the reasons discussed herein, Plaintiff's First Amended Complaint is deficient and is dismissed with leave to amend.

## II. THE FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint raises four causes of action. (FAC at 5-5f). In Claim One, Plaintiff alleges that he engaged in a hunger strike to bring "attention to the poor prison conditions" at CIM and that Defendants violated his First Amendment rights when they interfered with the hunger strike and retaliated against him for engaging in the hunger strike. (FAC at 5). Plaintiff also claims that Defendants have repeatedly sought to interfere with this litigation. (FAC at 5).

In Claim Two, Plaintiff contends that Defendants repeatedly retaliated against him "by way of state/staff-sponsored sexual assaults in violation of the Prison Rape Elimination Act ("PREA")" and the Fourteenth Amendment's Equal Protection Clause. (FAC at 5A).

In Claim Three, Plaintiff asserts that his First Amendment rights were violated when "he was repeatedly retaliated against to silence or delay his freedom of speech through intentional exclusion, deprivation, guile, deceptive tactics, threats, verbal abuse, intimidation, and more[.]" (FAC at 5B).

---

[1] Plaintiff originally filed related Complaints in this District in the instant action and in the Eastern District of California; the latter case was transferred to this District and assigned Case No. 5:22-cv-01950-GW-JC (alternatively, the "1950 Case"), and the two cases were consolidated under the instant case number. See Docket Nos. 1, 15, 17; 1950 Case Docket Nos. 1, 4, 13, 14.

Finally, in Claim Four, Plaintiff alleges that forty-two (42) different conditions of confinement violated his First, Eighth and/or Fourteenth Amendment rights.[2]  (FAC at 5C-5F).

Based on these allegations, Plaintiff seeks, among other things, a transfer to the Federal Bureau of Prisons ("BOP") for the remainder of Plaintiff's state and

---

[2] The specific conditions of confinement allegedly are:  (1) inoperable and/or broken exterior windows; (2) lack of housing unit fire suppression systems; (3) lack of electrical utility outlets; (4) lack of in-cell storage locker facilities; (5) lack of in-cell desks/tables with chairs/ stools; (6) lack of upper bunk bed ladders; (7) "lack of HVAC (cooling in summer; heating in winter) that is stabilized and conditioned for clean, sterilized air and humidity year-round"; (8) "lack of full ventilation ducting and in-cell vent grille cleaning"; (9) lack of asbestos and/or lead abatement; (10) unrepaired and leaking roofs; (11) improper issuance, exchange and laundering of state-owned clothing and linens; (12) restricted access to sanitation/cleaning supplies; (13) obstructed access to prison law library resources and services; (14) lack of personal protection equipment; (15) false record and reporting of in-cell temperatures; (16) restricted or delayed access to legal mail records; (17) false or absent inmate population notifications; (18) depressed prison labor wages; (19) existence of monopolistic prison canteen pricing and operations; (20) lack of proper food nutrition and/or quality control assurance; (21) subjective mail delivery procedures and inconsistent mail delivery; (22) denial of access to certified trust account statements for court-ordered electronic filings to initiate or maintain litigation; (23) "subjective application of merited and earned credits"; (24) unprofessional and abusive medical and mental health services; (25) "lack of importations control of all contraband" (26) denial of inmate transfers; (27) "filing of false facts to state government reports"; (28) "nonexistent independent direct-access to ice and purified cold and 190º F hot (non-microwave) water by all housed prison residents year-round"; (29) "lack of recreational resorts for medication [and Americans With Disabilities Act ("ADA")] patients in prison (due to lack of HVAC. . . .)"; (30) insufficient adverse weather and ADA-compliant meeting areas; (31) obsolete internal agency and state regulations; (32) "lack of prisoner/inmate equality from facility/yard and prison/institution to be with like others"; (33) faulty water service and sewer pumping; (34) "lack of vocational training, carrer [sic.] technical, English As a Second Language . . . tutoring, and/or other rehabilitative education"; (35) lack of independent oversight during prison housing unit investigations; (36) "lack of vector control and restraint from correctional staff use of mobile phones, narcotics, and/or other illicit contraband"; (37) errant prison disciplinary hearings in violation of due process; (38) "lack of, and [in]effective use of, budget to address prison operational facilities['] deficiencies and retrofit to meet current code requirements"; (39) lack of an independent, secured, and confidential prison grievance system; (40) false use and abuse of unclothed body searches; (41) lack of proper indigent supplies; and (42) lack of ADA compliant modulators on institutional televisions in common prison population areas.  (FAC at 5C-5F).

federal sentences and broad injunctive relief, including an injunction requiring Defendants to cease operation of CIM until "all deficiencies of that (and possible others similar statewide) state prison are sufficiently state budgeted, monitored, and continuously audited with proper and maintained financial resources for it to be brought into compliance with the minimum standards employed and daily inspected by BOP[.]"  (FAC at 6-6B).

### III.   THE SCREENING REQUIREMENT

Since Plaintiff is a prison inmate proceeding IFP and suing prison employees, the First Amended Complaint is subject to *sua sponte* review and must be dismissed if it is:  (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Dismissal for failure to state a claim is appropriate if Plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).  Although Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the [defendants] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

///

In considering whether to dismiss a complaint, the Court must accept the factual allegations of the complaint as true,[3] Wood v. Moss, 572 U.S. 744, 755 n.5 (2014); Erickson, 551 U.S. at 93-94, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). *Pro se* pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015), cert. denied, 136 S. Ct. 929 (2016); Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013), cert. denied, 573 U.S. 916 (2014).

///

///

---

[3] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). Likewise, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2006); Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).

## IV. DISCUSSION

The Court has reviewed the First Amended Complaint under the aforementioned standards and has concluded the First Amended Complaint is deficient and must be dismissed with leave to amend.

Initially, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000), cert. denied, 532 U.S. 1008 (2001). For instance, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); see also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). "The 'short and plain statement' must provide defendants with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); see also Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("[A] pleading must give fair notice and state the elements of the claim plainly and succinctly." (citation and internal punctuation omitted)). To do so, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief[,]" and "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56 (citations omitted); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff has not met this basic pleading requirement. Plaintiff's First Amended Complaint sets forth four causes of action, but does so in an entirely conclusory fashion. (See FAC at 5-5F). For example, Plaintiff's fourth claim

simply lists forty-two perceived deficiencies in the housing conditions at CIM. (FAC at 5C-5F). Moreover, while Plaintiff sues seventeen named individuals and ten Does as Defendants, he nowhere identifies which Defendant is responsible for each alleged constitutional violation. Thus, the Court and Defendants are left to guess which allegations are brought against which Defendants. In short, Plaintiff's entirely conclusory First Amended Complaint fails to satisfy Rule 8's requirements. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting Twombly, 550 U.S. at 555, 557)); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (Rule 8 is not satisfied when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough factual detail to guide discovery.").

The First Amended Complaint also violates Fed. R. Civ. P. 10(a), which requires that the "[t]he title of the complaint must name all the parties." Here, the First Amended Complaint's title lists "Gavin Newsom, Governor, et al." as Defendants while the body of the Complaint lists seventeen named individuals and ten Doe defendants. This does not satisfy Rule 10(a). See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir.), cert. denied, 506 U.S. 915 (1992).

Additionally, Plaintiff's First Amended Complaint violates Fed. R. Civ. P. 10(b), which requires that a "party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." "'Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims.'" Bautista v. Los Angeles Cnty., 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of

separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted). Here, as noted above, Claim Four lists forty-two (42) alleged deficiencies in living conditions at CIM and addresses multiple unrelated issues, such as housing conditions, mail delivery, medical care, law library access, prison wages, canteen pricing, inmate transfers, vocational training, prison discipline, prison grievance proceedings and strip searches, among other things. (See FAC at 5C-5F).

Given the Rule 8 and 10 violations, Plaintiff's First Amended Complaint must be dismissed with leave to amend. The Court will nevertheless highlight several other deficiencies in the First Amended Complaint.

Initially, it appears that in Claim Four, Plaintiff is attempting to bring a class action or at least raise class allegations. (See, e.g., FAC at 5C-5F). However, Plaintiff, who is proceeding *pro se*, cannot represent other individuals in this action. The privilege to represent oneself *pro se* "is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). Nor may a *pro se* plaintiff represent a class in a class action. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); DeBrew v. Atwood, 792 F.3d 118, 132 (D.C. Cir. 2015) (A "*pro se* litigant who is not trained as a lawyer is

simply not an adequate class representative."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); see also Simon, 546 F.3d at 664 ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

Furthermore, while the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[,]" Helling v. McKinney, 509 U.S. 25, 31 (1993), "[f]or an inmate to bring a valid § 1983 claim against a prison official for a violation of the Eighth Amendment, he must first objectively show that he was deprived of something sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citation and internal quotation marks omitted). In this regard, "extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation and internal quotation marks omitted); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994) ("The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones[.]" (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981))).

Courts have found that many of the conditions Plaintiff lists in the First Amended Complaint do not raise constitutional concerns. For instance, while Plaintiff complains about the lack of storage lockers, "upper bunk bed ladders" and "desks/tables" with "chairs/stools" in cells, such deprivations do not amount to the denial of the minimal civilized measure of life's necessities. Hudson, 503 U.S. at

9; see also Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002) ("'The Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable.'" (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), overruled in part on other grounds, Sandin v. Connor, 515 U.S. 472 (1995), as recognized by, Doe v. Kelly, 878 F.3d 710, 720 (9th Cir. 2017)); Jeffries v. Reed, 631 F. Supp. 1212, 1219 (E.D. Wash. 1986) ("[C]onditions of incarceration. . . , including, . . . lack of a desk, shelves, mirrors, and hangers in the cell . . . do not rise to the level of an Eighth Amendment violation."); Connolly v. Cnty. of Suffolk, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) ("[T]he failure of prison officials to equip [a] bunk bed with a ladder simply does not amount to a deprivation of 'a minimal civilized measure of life's necessities.'"); Smith v. Buss, 2021 WL 6125716, *2 (N.D. Ind. 2021) ("The Eighth Amendment does not entitle Smith to specific pieces of furniture, even if he would prefer to have these items."); Baltas v. Clarke, 2021 WL 1080516, *24 (W.D. Va. 2021) (Inmate's "complaints about a lack of . . . storage containers for his property . . . do not support an Eighth Amendment claim."), appeal dismissed by, 2021 WL 4936266 (4th Cir. 2021); Millsap v. Cate, 2012 WL 1037949, *4 (E.D. Cal. 2012) ("Multiple district courts in the Ninth Circuit have held that the failure of prison officials to equip prison cells with a ladder or some other 'safety apparatus' to assist inmates in ascending to and descending from bunk beds does not amount to the deprivation of 'a minimally civilized measure of life's necessities.'").

     Additionally, Plaintiff's complaint about monopolistic canteen prices does not set forth a valid constitutional claim. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by, 135 F.3d 1318 (9th Cir. 1998); see also Merrick v. Shinn, 846 F. App'x 573, 574 (9th Cir. 2021) ("The district court properly dismissed Merrick's claims based on his inability to purchase items at the prison store as well

///

as the prices at the prison store because there is no constitutional right to purchase prison canteen products.").

Similarly, while Plaintiff complains about depressed prison wages, prisoners have no constitutional right to be paid for their labor. See Serra v. Lappin, 600 F.3d 1191, 1196 (9th Cir. 2010) ("The Constitution does not provide prisoners any substantive entitlement to compensation for their labor."); Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right to prison wages and any such compensation is by the grace of the state.").

Likewise, while Plaintiff complains about the lack of vocational programs, "idleness and the lack of programs are not Eighth Amendment violations." Hoptowit, 682 F.2d at 1254; Rhodes, 452 U.S. at 348; see also Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) ("[T]here is no constitutional right to rehabilitation."); Baumann v. Az. Dep't of Corr., 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of jobs and educational opportunities is not considered punishment."); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration[.]").

While the nature of the First Amended Complaint's deficiencies necessarily limits the Court's ability to fully address its pleading defects,[4] for all the reasons set forth herein, Plaintiff's First Amended Complaint must be dismissed with leave to amend.

///
///
///
///

---

[4] That is, the Court will require Plaintiff to comply with the Federal Rules of Civil Procedure rather than analyzing each conclusory allegation or attempting to guess which claims Plaintiff is attempting to state against each Defendant.

## V. ORDERS[5]

In light of the foregoing, IT IS HEREBY ORDERED that the First Amended Complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that within twenty (20) days of the date of this Order, Plaintiff must do one of the following:

1. File a Second Amended Complaint which cures the pleading defects set forth herein;[6] or

2. Sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

3. File a Notice of Intent to Stand on the First Amended Complaint, indicating Plaintiff's intent to stand on the First Amended Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action based upon such defects.

---

[5] The Court's order herein constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

[6] The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a Second Amended Complaint if he elects to proceed in that fashion. Any Second Amended Complaint must: (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original or First Amended Complaint – *i.e.*, it must include all claims on which Plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) allege specifically what each Defendant did and how that individual's conduct specifically violated Plaintiff's civil rights; (g) for each claim asserted, specifically identify which defendants are being sued and in what capacity; (h) not add defendants or claims that are not reasonably related to the claims asserted in the First Amended Complaint; (i) include a title naming all the parties (Fed. R. Civ. P. 10(a)); and (j) set forth "each claim founded on a separate transaction or occurrence . . . in a separate count[.]" Fed. R. Civ. P. 10(b).

**Plaintiff is cautioned that his failure timely to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the First Amended Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS SO ORDERED.

DATED: November 6, 2023

                                                  /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

Attachments